The document below is hereby signed.

Signed: September 22, 2015



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KIMBERLY ANN BRYANT, | ) | Case No. 15-00291 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE
CREDITOR'S OPPOSITION TO DEBTOR'S OPPOSITION
TO (MOTION TO DISMISS) COMPLAINT OBJECTING TO DISCHARGE

By an order entered on August 25, 2015, this court denied the *Motion to Dismiss* filed by Gordon Carpenter, which invoked 11 U.S.C. § 707(b) as a ground for dismissal, because it failed to state adequate grounds for dismissal of this case under 11 U.S.C. § 707(b). The court noted:

> An inaccurate statement in a schedule or a statement of financial affairs may be a ground for denial of discharge if (and only if) the false statement was made knowingly **and** fraudulently. That type of misconduct (even if it had been alleged) is addressed by way of a complaint objecting to discharge, not a motion to dismiss.

On August 31, 2015, Gordon Carpenter filed a document titled *Creditor's Opposition to Debtor's Opposition to (Motion to Dismiss) Complaint Objecting to Discharge*.

Carpenter failed to sign the document. It was only signed

by Vanessa Brooks who was not an attorney admitted to the bar of the District Court of which this Bankruptcy Court is a unit. Unless Carpenter were to submit a copy signed by him, the document would have to be stricken for lack of a proper signature.

The document seeks reconsideration of the court's order denying the *Motion to Dismiss*, but the court must once again deny relief to Carpenter because his allegations do not establish grounds for relief under 11 U.S.C. § 707(b).

The document cannot be treated as a complaint objecting to discharge for two reasons. First, the document was not filed as an adversary proceeding complaint using the appropriate caption for an adversary proceeding complaint, and no filing fee was paid as required when an adversary proceeding complaint is filed.

Second, the document does not allege facts sufficient to set forth a basis for denying a discharge. The document alleges that "Debtor Bryant knew or should have known" various aspects of her financial affairs. These allegations do not suffice to establish false statements made with an intent to defraud creditors. As the court noted in denying the *Motion to Dismiss*, a false statement "may be a ground for denial of discharge if (and only if) the false statement was made knowingly **and** fraudulently." The document concludes by renewing the contention of the *Motion to Dismiss* that there was "abuse by Debtor because Debtor

knowingly and fraudulently misrepresented before the Court her married and financial status in writing and orally." However, conclusory allegations of a fraudulent misrepresentation do not comply with the pleading rules applicable to an adversary proceeding. If the debtor only "should have known" that certain statements were false, that does not suffice to establish a false statement made knowingly and fraudulently.

An order follows (1) directing that the document will be stricken unless, within five days after entry of this order, Gordon Carpenter files a copy of the document signed by Carpenter, bearing the caption for an adversary proceeding complaint, and accompanied by the filing fee for an adversary proceeding complaint, and (2) directing that in any event, the document is dismissed as setting forth no appropriate basis for relief.

[Signed and dated above.]

Copies to: Recipients of e-notice of orders;

Gordon Carpenter
4460 Alabama Avenue, SE
Washington, DC 20019
**[Via hand-mailing by the Clerk]**

3